IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Case No. AMD-08-0149 |
| | ) | |
| | ) | |
| | ) | |
| BRIAN KEITH ROSE | ) | |

**DEFENDANT'S PRELIMINARY RESPONSE
TO THE GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT
EXPERT TESTIMONY OF FINGERPRINT IDENTIFICATION**

Less than one week after Mr. Rose's arraignment on the superseding indictment, in a case where Mr. Rose faces the death penalty or a mandatory-minimum life sentence, the government filed a motion seeking to admit *right now*, without a *Daubert* hearing, and at the very inception of the case, expert testimony of fingerprint identification. This motion is premature. There is no scheduling order in this case, let alone a trial date, and there is absolutely no reason why a key question of admissibility needs to be litigated immediately. Motions *in limine* are typically filed, briefed and argued in reasonably close proximity to trial, and this standard practice should apply in this case. More important, it would unfairly prejudice Mr. Rose to force him to address this admissibility issue before his new legal team has had a fair opportunity to learn and investigate the facts of the case, much less the involved expert issues underlying the government's motion. Through no fault of his own, and solely by virtue of an eleventh-hour prosecutorial decision to switch forums, Mr. Rose has a new legal team that was appointed only recently and has barely begun learning about and investigating his case.

Thus, the defendant respectfully requests that the Court deny the government's motion without prejudice to its right to renew it at a much later date or, in the alternative, that the Court stay the time for Mr. Rose to respond substantively to the motion.

## PROCEDURAL HISTORY

In 2006, Mr. Rose was charged with murder and related charges by the State's Attorney in the Circuit Court for Baltimore County. On the eve of trial in that court, and approximately *two years* into the case, federal and state prosecutors, working together, decided to jettison the state prosecutions and bring the case to federal court. There is little dispute that these prosecutors made this decision because they were displeased with an evidentiary ruling of the Circuit Court excluding fingerprint evidence (following evidentiary hearings and extensive briefing), and they believed they could circumvent that ruling in federal court. Thus, the matter was presented to a federal grand jury. The United States Attorney's Office obtained an indictment, the State's Attorney dismissed the state charges, and, in April 2008, the prosecution went federal, and Mr. Rose was charged with murder in connection with a carjacking. This forum switch required the appointment of a new legal team to represent Mr. Rose.

On July 3, 2008, only six days before the government filed the instant motion *in limine*, Mr. Rose was arraigned on a superseding federal indictment charging him again with, *inter alia*, an alleged murder in connection with a carjacking. If convicted, Mr. Rose will face either the death penalty or a mandatory-minimum life sentence. The superseding indictment expands the original indictment from one count to six, and charges a second alleged carjacking that was not at issue in the State court proceeding. And, in an attempt to open the door to evidence and statements from alleged co-conspirators, the superseding indictment charges an alleged conspiracy also that was not charged in Baltimore County.

Significantly, no scheduling order has been entered in this case. There are no deadlines for initial Rule 12 motions, let alone for motions *in limine*. Nor has a trial date been set. Given the nature of the charges, the legal and factual issues, as well as the potential penalties in the case, undersigned counsel will be requesting that trial be set for no earlier than mid-2009.

## **ARGUMENT**

Mr. Rose faces the death penalty, or at a minimum, a mandatory-minimum life sentence. The stakes could not be higher. In a case where the potential penalty is death or life in prison, the utmost care must be taken to ensure that the process accorded is fair and proper. The government's effort to ram through the instant motion *in limine* runs counter to this bedrock principle, and the Court should decline to address the government's motion *in limine* at this time for this and the following reasons.

First, the government's motion is premature. The case has just begun. No trial date has been set, and we are potentially one year before trial. The government's motion concerning the admissibility of trial evidence should be litigated, as such motions typically are, in the lead up to the trial and not, as the government advocates here, within weeks of the return of the superseding indictment.

Second, litigating the government's motion at this juncture would work an injustice on Mr. Rose. As noted above, this is a potential death case (or, at a minimum, a mandatory-minimum life case), and the government's forum shopping has required the appointment of a new legal team to represent Mr. Rose. Undersigned counsel is in the beginning stages of meeting our client, assessing the government's allegations, and conducting our own independent fact investigation – tasks made more expansive not only by the new conduct alleged in the superseding indictment, but also by the alleged 'other acts' the government recently indicated it

is seeking to admit under Rule 404(b).  While one attorney from the state court team is remaining in the case,[1] we have not had the opportunity to independently explore questions of admissibility and to develop our positions on various experts, and we have much to do before we will be at that point of our preparations.  A budget for expenses has not yet been approved.  It would unfairly prejudice Mr. Rose to require his attorneys to litigate an admissibility question at the very outset of the case, for no good reason, before they have had a meaningful opportunity to learn the case and develop their positions.

Third, any delay in this case is of the government's own making.  While it argues that the Court should decide its motion *now* in order to avoid "delay" and the "waste of time and … resources," Gov. Mem. at 16, the root cause of any delay in this matter is the joint decision of the State of Maryland and the United States to switch forums.  Indeed, but for the actions of state and federal prosecutors to start this case anew in federal court after two years of litigation in state court, the case would be over.[2]  More important, we seek only the opportunity to make a full and fair presentation on the admissibility of the expert testimony at issue, at the appropriate juncture in the case.  That is neither delay nor a waste of time.  It is due process.

Fourth, the government's case for admissibility is not clear-cut.  A judge already has excluded the very testimony that the government now seeks to admit.  In so doing, that judge held explicitly that testimony provided by the government's expert, who also testified for the State, was not credible.  It borders on the absurd for the government to argue that the same testimony, in the same case, now should be admitted in this forum without even an admissibility

---

[1] The government's motion assumes that the defense here will proceed lock-step with the defense in the state case. While one attorney who worked on Mr. Rose's case will be participating in his defense, undersigned counsel of record are responsible to Mr. Rose and the Court to make an independent assessment of the issues and how best to present them.

[2] Rushing this case through the federal system will not vitiate any potential due process or related claims that Mr. Rose may have stemming from the forum switch.

hearing. Moreover, contrary to what the government argues, the Fourth Circuit's decision in *United States v. Crisp*, 324 F.3d 261 (4th Cir. 2003), does not foreclose, for all time, all *Daubert* challenges to fingerprint evidence. Indeed, the precise holding of the case was that the district court did not *abuse its discretion* in admitting fingerprint evidence *in view of the shortcomings of that particular defendant's attack on the evidence*. *Crisp*, 324 F.3d at 269 ("Crisp has provided us no reason *today* to believe that this general acceptance of the principles underlying fingerprint identification has, for decades, been misplaced. Accordingly, the district court was well within its discretion…") (emphasis added).

Given that *Crisp* acknowledged that "the principles underlying fingerprint identification have not attained the status of scientific law," that the Court merely determined that a particular defendant provided no reason "today" to reverse the district court, and that the decision was 2 to 1 (Judge Michael determined that, even on the particular record of that case, the evidence did not satisfy *Daubert*, and he therefore dissented), *Crisp* provides no basis to deny Mr. Rose a full and fair hearing on the issue. This is especially so given that there is new information available today that was not available when *Crisp* was decided.

For these reasons, the defendant respectfully requests that the Court deny the government's motion without prejudice, or that it stay the time for the defendant to respond substantively to the government's motion.

                                              Respectfully submitted,

                                                      /s/
                                              Stanley J. Reed
                                              Lerch, Early & Brewer, Chartered
                                              3 Bethesda Metro Center
                                              Suite 460
                                              Bethesda, MD 20814
                                              (phone) (301) 657-0177
                                              (fax) (301) 347-1796

          /s/
          Eric R. Delinsky
          (signed by Stanley J. Reed with permission
          of Eric R. Delinksy)
          Zuckerman Spaeder LLP
          1800 M Street, N.W.
          Suite 1000
          Washington, D.C. 20036
          (phone) (202) 778-1800
          (fax) (202) 822-8106

          *Counsel for Defendant Brian Keith Rose*

Dated:  July 25, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2008, I caused the foregoing Defendant's Preliminary Response to the Government's Motion *in Limine* to Admit Expert Testimony of Fingerprint Evidence to be served via e-mail and by first class mail, postage prepaid, upon the following:

John F. Purcell, Esquire
Assistant United States Attorney
36 Charles Street
Fourth Floor
Baltimore, Maryland 21201

                                        /s/
                                Stanley J. Reed